

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00191-CV
_____

IN THE INTEREST OF S.R.R. AND S.R., CHILDREN

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. DR-2017K-169, Honorable Jack M. Graham, Presiding

September 13, 2019

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

This is an appeal from the trial court's order terminating the mother's parental rights to her children, S.R.R. and S.R.[1] Appointed appellate counsel for the mother has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 744 (1967). Finding no arguable grounds for appeal, we affirm the trial court's judgment.[2]

---

[1] To protect the children's privacy, we refer to appellant as "the mother" and to the children by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2011); TEX. R. APP. P. 9.8(b). The children's father's parental rights also were terminated in this proceeding. He does not appeal.

[2] Counsel has filed a motion to withdraw from representation of the mother. We will not rule on the motion because counsel has a continuing duty of representation through

## Background

According to information contained in the clerk's record filed in this case, the Texas Department of Family and Protective Services became involved with the family when it received a report that the mother was selling her food stamps for drug money. The mother was allegedly abusing methamphetamine and alcohol. The father of the children also used methamphetamine and abused alcohol, including use of drugs in the presence of the children. S.R.R., three years old at the time of the final hearing, and S.R., then two, had little to eat, were dirty, and lacked clothing.

Following unsuccessful attempts to find a suitable place for the mother and children to stay, the Department decided the children's best interest required their removal from the mother's care. The children were placed in a foster home where they remained at the time of the final hearing.

The Department filed pleadings for protection of a child, for conservatorship, and for termination of the parents' rights. In its petition, the Department set forth eleven grounds on which it alleged the mother's rights to her children should be terminated.[3] The Department also alleged termination of the mother's parental rights would be in the best interest of the children.[4]

---

the exhaustion of proceedings, including the possible filing of a petition for review. *See In the Interest of P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).

[3] The petition cited subsections (A), (B), (C), (D), (E), (F), (I), (K), (N), (O), and (P) of Family Code section 161.001(b)(1). *See* TEX. FAM. CODE ANN. § 161.001(b)(1) (West 2018). The Department's witness agreed at the final hearing that it was abandoning the grounds alleged other than the voluntary relinquishment.

[4] *See* TEX. FAM. CODE ANN. § 161.001(b)(2).

The final hearing was held almost a year after the petition was filed. The mother had completed many of the services required by her service plan but was incarcerated during the pendency of the case and, according to a caseworker's testimony, would remain so "for the foreseeable future."[5] In September and October 2018, the mother sent three letters to the trial court expressing dissatisfaction with her appointed counsel and a desire to work toward reunification with her children.

On the morning of the final hearing, the mother and the father signed affidavits voluntarily relinquishing their parental rights. *See* TEX. FAM. CODE ANN. § 161.103 (West 2015) (setting forth requirements for affidavit of voluntary relinquishment of parental rights). The mother and her attorney were in court at the final hearing and announced ready. The Department supervisor for the case testified. She told the court she was present when each parent signed the affidavit and that neither had revoked them. She also said the children were doing "[b]eautifully" in placement and that they have "adjusted well. The placement is meeting all of their needs. There are no concerns at this point." Further, the foster parents had conveyed to the Department a desire to adopt the children. The supervisor expressed her opinion that neither parent was capable of meeting the needs of the children and that termination of their rights was in the children's best interest.

The trial court bench-filed the affidavits and terminated the mother's rights on the basis of the affidavit pursuant to section 161.001(b)(1)(K) of the Family Code. TEX. FAM.

---

[5] Information in the clerk's record indicates the mother is incarcerated due to revocation of her probation following commission of a DUI offense. She was sentenced to six years of imprisonment for violation of her probation and is possibly facing three more years for her current DUI offense. Her projected release date is July 29, 2020, she was denied parole in October 2018, and was again being reviewed for parole.

CODE ANN. § 161.001(b)(1)(K). It found also that termination was in the children's best interest pursuant to section 161.001(b)(2). TEX. FAM. CODE ANN. § 161.001(b)(2). The court signed its judgment of termination on October 30, 2018.

This court first became aware of the case in June 2019 when it received a letter from the mother seeking information about the status of her appeal. Having no appeal on file, we requested and received papers filed in the trial court post-judgment. Those included a letter the mother filed, dated November 22, 2018, which we found to be a sufficient attempt to invoke our appellate jurisdiction. We docketed the appeal, abated it, and asked the trial court to determine whether the mother desired to prosecute the appeal, whether she was indigent, whether new counsel should be appointed, and whether the mother was entitled to the clerk's and reporter's record without cost. After a hearing, the trial court entered findings of fact, finding among other things that the attorney then representing the mother should be released. Thereafter, on June 21, 2019, the trial court appointed new appellate counsel. Counsel subsequently filed the *Anders* brief now before us, addressing the ground on which the trial court terminated the mother's parental rights, section 161.001(b)(1)(K), and evidence of best interest.

Analysis

Pursuant to *Anders,* the brief states counsel has diligently reviewed the record and the applicable law and has concluded that, in his professional opinion, the record shows no arguably meritorious issue on which to base an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State,* 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc); *In re A.W.T.,* 61 S.W.3d 87, 88

(Tex. App.—Amarillo 2001, no pet.) (the procedures set forth in *Anders v. California* are applicable to appeals of orders terminating parental rights).

In compliance with *High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. The record also reflects that counsel has satisfied the educational burdens imposed when an attorney informs the appellate court that the appeal is frivolous. *See Kelly v. State,* 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (setting forth burdens on counsel); *In re Schulman,* 252 S.W.3d at 409 n.23. By letter, we also informed the mother of her right to file a pro se response to counsel's *Anders* brief and motion. *In re Schulman,* 252 S.W.3d at 409. The mother has done so, raising two issues.

Family Code section 161.001(b)(1)(K) permits a trial court to terminate the parent-child relationship if it finds by clear and convincing evidence that the parent has executed a valid, unrevoked or irrevocable affidavit of relinquishment of parental rights. TEX. FAM. CODE ANN. § 161.001(b)(1)(K). The trial court did so here and, as noted, the court stated in open court that it bench-filed the affidavit. The affidavit appears in the clerk's record although it was not formally admitted into evidence.[6]

An affidavit of relinquishment itself can provide clear and convincing evidence that termination is in the children's best interest. *In re K.S.L.,* 538 S.W.3d 107, 111 (Tex. 2017); *In re C.E.,* No. 02-14-00054-CV, 2014 Tex. App. LEXIS 8694, at *8-9 (Tex. App.—

---

[6] As this court said in *In re D.W.,* No. 07-18-00115-CV, 2018 Tex. App. LEXIS 6003, at *2 n.3 (Tex. App.—Amarillo Aug. 1, 2018, no pet.) (mem. op.), the "better practice would have been to have [the affidavit] admitted into evidence."

Fort Worth Aug. 7, 2014, no pet.) (mem. op.). Here, in addition to the signed affidavit of each parent, the court heard evidence concerning the children's foster placement. As noted, the Department's supervisor told the court the foster family expressed a desire to adopt the children and the children were doing "[b]eautifully" there. The court also heard the supervisor's opinion that termination of the mother's parental rights was in the children's best interest. The supervisor told the court that the mother was incarcerated and was unable to meet the children's physical or emotional needs. The attorney ad litem recommended to the court that the parental rights be terminated and that the children remain in their current placement because he believed "it's in their best interest."

In the brief, counsel has discussed the law applicable to revocation of relinquishments. Section 161.211(c) of the Family Code limits any direct or collateral attack on an order terminating parental rights based on an unrevoked affidavit of relinquishment of parental rights to issues relating to fraud, duress, or coercion in the execution of the affidavit. TEX. FAM. CODE ANN. § 161.211(c) (2014). Counsel's brief acknowledges that the mother's November 22 letter raised the issues of duress and coercion, saying her trial counsel "peer pressured" her into signing the affidavit. And, in her response to the *Anders* brief, the mother continues to express her dissatisfaction with her trial counsel and a desire to challenge the termination of her parental rights. She argues trial counsel "insisted" that she give up her parental rights despite her resistance to doing so and makes several complaints about trial counsel's handling of the case.[7]

---

[7] The mother has sent additional letters to the court expressing the same contentions. We have considered the letters as part of her response to the *Anders* brief.

6

As counsel's brief correctly notes, despite the mother's assertions, the appellate record contains no indication of duress or coercion. The mother was present at the final hearing and expressed no dissatisfaction with her counsel, did not request new counsel, and did not in any way object to or complain of the circumstances under which she signed the affidavit.

After our review of the record, we agree with counsel that the record reflects no basis on which the mother can avoid the consequences of her voluntary relinquishment of her parental rights. Nor do we find any arguably meritorious contention that the evidence was insufficient to support termination under section 161.001(b)(1)(K). *In the Interest of Z.F.,* No. 07-14-00448-CV, 2015 Tex. App. LEXIS 3998, at *4 (Tex. App.—Amarillo April 21, 2015, no pet.) (mem. op.) (citing *In re C.H.,* 89 S.W.3d 17, 28 (Tex. 2005) (applicable standards in parental-rights termination cases); *In re C.E.,* 2014 Tex. App. LEXIS 8694, at *12-15 (sufficiency under § 161.001(b)(1)(K)). The same is true with respect to the trial court's finding that termination was in the best interest of the children. *In the Interest of Z.F.,* 2015 Tex. App. LEXIS, at *4 (citing *In re R.R.,* 209 S.W.3d 112, 116 (Tex. 2006); Tex. Fam. Code Ann. § 263.307(a) (West 2014); *In the Interest of A.C.B.,* 198 S.W.3d 294, 298 (Tex. App.—Amarillo 2006, no pet.)).

We have considered also whether an arguably meritorious issue could be raised regarding the handling of the mother's November 22 letter in the trial court. In addition, we have considered whether the record reflects an arguably meritorious issue of ineffectiveness of counsel in the trial court. After a thorough review of the record and the applicable law, we cannot conclude the record permits an arguably meritorious issue on either point.

7

When this court receives an *Anders* brief, it is our duty to conduct a "full examination of all the proceedings to decide whether the case is wholly frivolous." *Penson v. Ohio,* 488 U.S. 75, 80 (1988). Accordingly, we have independently reviewed the entire record, counsel's brief, and the mother's response and letters. *See Bledsoe v. State,* 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005); *Stafford,* 813 S.W.2d at 509. Having done so, we find no non-frivolous issue which might support an appeal. Agreeing with appellate counsel the appeal is frivolous, we affirm the trial court's order terminating the mother's parental rights.

James T. Campbell
Justice